UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHANNON WAYNE STOVER,

                    Petitioner,

        v.

DAN WHITE,

                    Respondent.

Case No. 3:23-cv-05649-LK-TLF

REPORT AND
RECOMMENDATION

Noted for January 26, 2024

This matter comes before the Court on petitioner's (Mr. Stover) federal habeas corpus petition under 28 U.S.C. § 2254. Dkt. 3. Mr. Stover presents seven grounds for relief: (1) incorrect Offender Score; (2) illegal exceptional sentence on Count-III; (3) significant change in law; (4) police and prosecutorial misconduct; (5) actual Innocence; (6) ineffective assistance of counsel; and (7) Washington courts did not give him a *Franks v. Delaware*, 438 U.S. 154 (1978) hearing. *Id*. Petitioner requests an evidentiary hearing.

For the reasons set forth below, the undersigned recommends that the request for an evidentiary hearing be DENIED, and that the petition be DISMISSED. Also, for the reasons set forth below, the undersigned recommends that issuance of the certificate of appealability (COA) should be DENIED.

BACKGROUND

I.  State Court Procedural History

On November 1, 2017, Clark County Superior Court entered judgment and sentence on two counts of Unlawful Imprisonment, Intimidating a Witness, and Unlawful Possession of a Firearm In The First Degree following a guilty plea. Dkt. 8-1 at 69-89, State's Response to Motion for Late Appeal Appx D—Felony Judgment and Sentence, Court of Appeals Cause No. 56326-6-I (November 1, 2017). Mr. Stover received a stipulated exceptional sentence of 360 months of confinement to be served consecutively. *Id*. at 72-73.

On October 12, 2021, Mr. Stover filed a notice of appeal in the superior court. Dkt. 8-1 at 2-36, Notice of Appeal, Court of Appeals Cause No. 563226-6-II (October 12, 2021). On October 21, 2021 the superior court forwarded the notice to the Washington State Court of Appeals. Dkt. 8-1 at 39, Letter from Clerk, Court of Appeals Cause No. 56326-6-II (November 3, 2021). On November 10, 2021 Mr. Stover filed a "Motion to Extend Time to File Appeal" in the court of appeals, which the State responded to on December 9, 2021. Dkt. 8-1 at 41-125, State's Response to Motion for Late Appeal, Court of Appeals Cause No. 56326-6-II (November 10, 2021). On December 13, 2021, the Washington State Court of Appeals Commissioner denied Mr. Stover's motion on the basis that the State met its burden of showing that Mr. Stover waived his right to appeal by not filing a timely notice of appeal. Dkt. 8-1 at 128 On February 7, 2022 the Washington State Court of Appeals issued its mandate. Dkt. 8-1 at 130-131, Mandate, Court of Appeals Cause No. 56326-6-II (February 7, 2022).

In 2022, Mr. Stover filed a personal restraint petition (PRP) which the Washington State Court of Appeals dismissed as untimely. *See* Dkt. 8-1 at 148-149,

Dep. Comm'r Ruling Denying Review, Supreme Court No. 101495-3 (January 31, 2023). On November 19, 2022 Mr. Stover filed a motion for reconsideration. *Id.*; *see also* Dkt. 8-1 at 133-142, Motion for Discretionary Review of PRP, Supreme Court No. 101495-3 (November 29, 2022). The Court of Appeals forwarded the motion to the Washington Supreme Court for treatment as a motion for discretionary review. Dkt. 8-1 at 145-146, Letter from Clerk, Supreme Court No. 101495-3 (November 30, 2022).

On January 31, 2023, the Deputy Commissioner for the Washington Supreme Court denied review on the basis that the PRP was untimely. Dkt. 8-1 at 148-149, Dep. Comm'r Ruling Denying Review, Supreme Court No. 101495-3 (January 31, 2023). On April 11, 2023 Mr. Stover filed a motion to modify the Deputy Commissioner's ruling. Dkt. 8-1 at 151-209, Motion to Modify Ruling, Supreme Court No. 101495-3 (April 11, 2023); Dkt. 8-1 at 212-213, Statement of Additional Authority, Supreme Court No. 101495-3 (April 12, 2023). On May 3, 2023, department I of the Washington Supreme Court denied Mr. Stover's motion. Dkt. 8-1 at 216, Order Denying Motion to Modify, Supreme Court No. 101495-3 (May 3, 2023). The Court of Appeals issued a certificate of finality on May 3, 2023. Dkt. 3 at 28.

In January 2023, Mr. Stover filed a motion for relief from judgment and sentence which was transferred to the Washington State Court of Appeals as a PRP. *See* Dkt. 8-1 at 254-256, Dep. Comm'r Ruling Denying Review, Supreme Court No. 101847-9 (April 5, 2023). The Acting Chief Judge of the Washington State Court of Appeals dismissed Mr. Stover's PRP as untimely. See *id*. Mr. Stover sought discretionary review. Dkt. 8-1 at 218-251, Motion for Discretionary Review, Supreme Court No. 101847-9 (March 28, 2023). The Deputy Commissioner of the Washington State Supreme Court denied

review on the basis that the PRP was untimely. Dkt. 8-1 at 254-256, Dep. Comm'r

Ruling Denying Review, Supreme Court No. 101847-9 (April 5, 2023). Mr. Stover filed a

motion to modify the Deputy Commissioner's ruling which was denied on June 7, 2023.

Dkt. 3 at 44. A certificate of finality was issued on June 12, 2023. Dkt. 3 at 45.

II.  Discussion

        Mr. Stover filed his federal habeas corpus petition on July 19, 2023. Dkt. 1.

Respondent argues that Mr. Stover filed his petition after the one-year statute of

limitations imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). 28

U.S.C. § 2241 et seq. Further, respondent argues petitioner is not entitled to any form of

tolling that would excuse the late filing. Dkt. 7.

   **A. Statute of Limitations**

        There is a one-year time limit to file a Section 2254 federal habeas corpus

petition, under 28 U.S.C. § 2244(d)(1)(A): "[t]he limitation period shall run from . . . the

date on which the judgment became final by the conclusion of direct review or the

expiration of the time for seeking such review."

        If a petitioner fails to petition the state's highest court for review, the conviction

becomes final when the time for seeking such review elapses. *See Wixom v.

Washington*, 264 F.3d 894, 897-98 (9th Cir. 2001). In Washington, a notice of appeal

must be filed in the trial court 30 days after the entry of the decision of the trial court.

Wash. RAP 5.2(a). Thus, if a petitioner does not file a direct appeal, the state court

judgment becomes final at the end of the thirty-day period. *See id*; 28 U.S.C. §

2244(d)(1)(A).

        The federal limitation period may run from a later date under the following

circumstances:

- first, it may run from the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed – if the applicant was prevented from filing by such State action. 28 U.S.C. § 2244(d)(1)(B);

- second, it may run from the date the United States Supreme Court recognizes a new constitutional right that the Supreme Court makes retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C);

- third, it may run from the date the factual predicate of the claim presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D).

Additionally, "[t]he time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). For purposes of 28 U.S.C. § 2244(d)(1)(A), direct review usually concludes and the judgment becomes final either – upon the expiration of the time for filing a petition for writ of certiorari with the United States Supreme Court, or when the Court rules on a timely filed petition for certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

In this case, Clark County Superior Court entered Mr. Stover's judgment and sentence on November 1, 2017. Dkt. 8-1 at 69-78, State's Response to Motion for Late Appeal Appx D—Felony Judgment and Sentence, Court of Appeals Cause No. 56326-6-I (November 1, 2017). The thirty days to file an appeal elapsed on December 1, 2017. Mr. Stover did not file a direct appeal during this time and the one-year statute of

1  limitations for filing a federal habeas petition to challenge his convictions started to run

2  on that date.

3      Mr. Stover did not file a notice of appeal until October 21, 2021. Dkt. 8-1 at 2-36,

4  Notice of Appeal, Court of Appeals Cause No. 563226-6-II (October 12, 2021).

5  Therefore, the limitation period expired on December 1, 2018. *See* 28 U.S.C. §

6  2244(d)(1)(A). Additionally, Mr. Stover did not file a PRP between December 1, 2017

7  and December 1, 2018. The two PRPs he did file were dismissed by the state court as

8  untimely. Therefore, these PRPs are not "properly filed" for the purposes of 28 U.S.C. §

9  2244(d)(2). *Pace v. DiGulielmo*, 544 U.S. 408, 410 (2005). Mr. Stover did not file his

10  federal Petition until July 19, 2023. Dkt. 1.

11     Thus, unless Mr. Stover can show the statute of limitations was somehow tolled,

12  the Court should dismiss his federal habeas corpus petition as time-barred.

13  **B. Equitable Tolling**

14     The AEDPA limitations period is also subject to equitable tolling where the

15  petitioner pursued his rights diligently and "some extraordinary circumstance stood in

16  his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted). To

17  receive equitable tolling, a petitioner at the very least must show the extraordinary

18  circumstances "were the but-for and proximate cause of his untimeliness." *Ansaldo v.*

19  *Knowles*, 143 Fed. App'x. 839, 840 (9th Cir. 2005).

20     Mr. Stover has not established that he pursued his rights diligently and that his

21  failure to timely file was based on extraordinary circumstances beyond his control — he

22  states in a conclusory manner that he has done all in his power to move forward

23  diligently and educate himself, but he also asserts that he received the information

24

25

REPORT AND RECOMMENDATION - 6

regarding his case from a public records request and provides no reason that he could not have done this earlier. Dkt. 3-1 at 3, 4.

Mr. Stover also argues that he is actually innocent. Dkt. 3-1 at 14-20. The Supreme Court has held that an "actual innocence" exception applies to AEDPA's statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013). Under *Schlup v. Delo*, a petitioner must produce sufficient proof of his actual innocence to bring him "within the narrow class of cases . . . implicating a fundamental miscarriage of justice." 513 U.S. 298, 314-15 (1995) (internal quotation marks omitted); *see Lee v. Lampert*, 653 F.3d 929, 932 (9th Cir. 2011) (petitioner who makes required showing under *Schlup* can "have his otherwise time-barred claims heard on the merits").

A petitioner claiming actual innocence must "show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup*, 513 U.S. at 327. Actual innocence in this context "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998). The petitioner must support this claim "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. "New evidence" is evidence that was not before the trial court and is thus newly presented. *Griffin v. Johnson,* 350 F.3d 956, 961 (9th Cir. 2003). It does not need to be newly discovered— that is, discovered after trial or the plea. *Id.*

Mr. Stover asserts that the basis of his actual innocence claim is that he was denied a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978) despite presenting "police/prosecution and 4th and 14th Amendment violations" to the state court. Dkt. 3-1

at 5. As respondent argues, Mr. Stover does not present evidence to show he is factually innocent of unlawful imprisonment, intimidating a witness, unlawfully possessing a firearm, or attempted rape; rather, he attacks the legal sufficiency of the police investigation and his subsequent prosecution, specifically arguing that police officers misrepresented witness statements in the affidavit in order to create probable cause, and Mr. Stover's counsel failed to investigate an alternate suspect. *See* Dkt. 3 (habeas corpus petition) at 12; Dkt. 3-1 (memorandum of petitioner) at 15, 238-240; Dkt. 10 (petitioner's reply) at 5 (conclusory allegations regarding another suspect).

Mr. Stover has not made the requisite showing that no reasonable juror would convict him of unlawful imprisonment, intimidating a witness, unlawfully possessing a firearm and attempting to commit rape in light of the evidence he presents. *See Smith v. Baldwin*, 510 F.3d 1127, 1140 (9th Cir. 2007). Mr. Stover presents no evidence that indicates he did not commit the crimes to which he pled guilty.

In sum, Mr. Stover's conclusory factual allegations do not establish a prima facie actual-innocence claim under the exacting *Schlup* standard. *See Larsen v Soto*, 742 F.3d 1083,1096 (9th Cir. 2013) (speculative evidence insufficient to show actual innocence); *Eby v. Janecka*, 349 F. App'x 247, 249 (10th Cir. 2009) (unpublished) (conclusory allegations of actual innocence insufficient to excuse untimeliness of petition); *Baran v. Hill*, 2010 WL 466153, at *7 (D. Or. 2010) (unpublished) (self-serving and unsupported statements were not "new and reliable" evidence sufficient to prove actual innocence). The factual foundation that is required for this Court to apply the "actual innocence" exception to the statute of limitations has not been met, and the petition should be dismissed with prejudice as untimely.

III.  Evidentiary Hearing

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Id. at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011). A hearing is not required if the allegations would not entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. Further, the Supreme Court has held that, when reviewing a federal habeas petition under 28 U.S.C. § 2254, the federal court may not consider any facts beyond the factual record presented to the state post-conviction relief court – unless one of the limited exceptions of 28 U.S.C. § 2254(e)(2) applies. *Shinn v. Ramirez*, 142 S. Ct. 1718, 1734 (2022).

The Court finds it is not necessary to hold an evidentiary hearing in this case because, as discussed in this Report and Recommendation, the Petition may be resolved on the existing state court record.

IV.  Certificate of Appealability

If the Court adopts the undersigned's Report and Recommendation, it must determine whether a COA should issue. Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). A COA may be issued only where a petitioner has made "a substantial showing of the denial of

a constitutional right." 28 U.S.C. § 2253(c)(2)-(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The undersigned recommends that petitioner not be issued a COA. No jurist of reason could disagree with the above evaluation of his constitutional claims or conclude that the issues presented deserve encouragement to proceed further. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

<u>CONCLUSION</u>

Based on the foregoing discussion, the undersigned recommends that the Court dismiss the petition for writ of *habeas corpus* with prejudice. A proposed order and proposed judgment are attached.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on January 26, 2024, as noted in the caption.

Dated this 10th day of January, 2024.

Theresa L. Fricke
United States Magistrate Judge