UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHANNON WAYNE STOVER,<br><br>       Petitioner,<br><br>  v.<br><br>LISA ANDERSON,<br><br>       Respondent. | CASE NO. 3:23-cv-05649-LK<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

  This matter comes before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Theresa L. Fricke. Dkt. No. 12. Judge Fricke recommends dismissing pro se Petitioner Shannon Stover's federal habeas petition brought pursuant to 28 U.S.C. § 2254. *Id.* at 1. Mr. Stover timely objected to the R&R. Dkt. No. 13. Having reviewed Judge Fricke's recommendations, Mr. Stover's objections, and the balance of the record, the Court adopts the R&R.

**I. BACKGROUND**

**A. State Court Procedural History**

  Mr. Stover is currently confined at the Monroe Correctional Complex ("MCC"). Dkt. No.

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

3 at 1.[1] In October 2017, Mr. Stover pleaded guilty in Clark County Superior Court to two counts of Unlawful Imprisonment, one count of Intimidating a Witness, one count of Unlawful Possession of a Firearm in the First Degree, and two counts of Attempted Rape in the Third Degree. Dkt. No. 8-1 at 69, 94–105. On November 1, 2017, he was sentenced to 360 months of confinement. *Id.* at 69, 71–72, 78, 87–89.

Approximately four years later, in October 2021, Mr. Stover filed a "Notice of Appeal" which the state court of appeals dismissed as untimely. Dkt. No. 8-1 at 2, 128. That ruling became final on January 13, 2022. *Id.* at 130; *see also* Dkt. No. 3 at 32. Mr. Stover then filed a personal restraint petition ("PRP") in the court of appeals in April 2022, which the court likewise dismissed as untimely on November 4, 2022. Dkt. No. 3 at 22–23. On November 29, 2022, Mr. Stover filed a motion for reconsideration in the court of appeals, which that court forwarded to the Washington Supreme Court for consideration as a motion for discretionary review under Rule of Appellate Procedure 16.14(c). Dkt. No. 8-1 at 133–42, 145–46. The Supreme Court denied Mr. Stover's motion on January 31, 2023 because he failed to show that his sentence is facially invalid. Dkt. No. 3 at 25–26; Dkt. No. 8-1 at 148–49. And on May 3, 2023, the court denied his subsequent motion to modify its ruling. Dkt. No. 3 at 27; Dkt. No. 8-1 at 216.[2] Thus, the court of appeals' dismissal of Mr. Stover's PRP became final on May 3, 2023. Dkt. No. 3 at 28.

On January 17, 2023, Mr. Stover filed a second PRP in Clark County Superior Court, styled

---

[1] In his petition, Mr. Stover properly named Daniel White as respondent because at the time of filing, White was the Superintendent of the Twin Rivers Unit ("TRU") at MCC. *Id.*; *see also Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (explaining that the proper respondent to a habeas petition is the person with "immediate custody" over the petitioner); *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (same). During the pendency of these proceedings, however, White appears to have been replaced by Lisa Anderson. *See* Department of Corrections Washington State, State Prisons, https://doc.wa.gov/corrections/incarceration/prisons/contact.htm#mcc (last visited May 2, 2024). Accordingly, the Court substitutes as respondent Mr. Stover's current immediate custodian at MCC, Superintendent Anderson, pursuant to Federal Rule of Civil Procedure 25(d).

[2] In the interim, on April 12, 2023, Mr. Stover also submitted a "Statement of Additional Authority" to the Washington Supreme Court. Dkt. No. 8-1 at 212–13.

ORDER ADOPTING REPORT AND RECOMMENDATION - 2

as a motion for relief from judgment or order pursuant to Criminal Rule 7.8(b), which the court denied as time-barred and transferred to the court of appeals. Dkt. No. 3 at 30–35; Dkt. No. 8-1 at 160–65. The court of appeals dismissed Mr. Stover's petition as untimely on March 7, 2023. Dkt. No. 8-1 at 167–70. And on April 5, 2023, the Washington Supreme Court denied Mr. Stover's request for discretionary review. *Id.* at 179–90 (motion), 254–56 (denial). Mr. Stover also filed a motion to modify that ruling, Dkt. No. 8-1 at 151–58, which the Supreme Court denied on June 7, 2023, Dkt. No. 3 at 44–45.

**B.     Habeas Petition and R&R**

Mr. Stover filed his habeas petition pursuant to 28 U.S.C. § 2254 in this court on July 19, 2023, raising seven claims with respect to his state court criminal proceedings: (1) incorrect offender score; (2) illegal exceptional sentence; (3) significant change in law; (4) police and prosecutorial misconduct; (5) actual innocence; (6) ineffective assistance of counsel; and (7) denial of a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). Dkt. No. 3 at 1–20; Dkt. No. 3-1 at 1–21.

After Respondent was served and filed a response, Dkt. Nos. 4, 7, Judge Fricke issued her R&R recommending dismissal with prejudice because the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA") expired for Mr. Stover on December 1, 2018, and therefore his petition is time-barred. Dkt. No. 12 at 4–6, 10. Judge Fricke also explained that because Mr. Stover's collateral attacks on his state court proceedings were found to be untimely, they cannot serve as a basis for statutory tolling under 28 U.S.C. § 2244(d)(2). *Id.* at 6. Further, the R&R found that Mr. Stover failed to demonstrate the type of extraordinary circumstances necessary to entitle him to equitable tolling, or to show actual innocence sufficient to exempt him from AEDPA's statute of limitations. *Id.* at 6–8. Last, Judge Fricke recommends denying Mr. Stover an evidentiary hearing and a certificate of appealability. *Id.* at 9–10.

Mr. Stover timely objected to the R&R, reiterating his claim that he is actually innocent and that an evidentiary hearing is required. Dkt. No. 13 at 1–6. He also objects to the R&R's failure to address the substance of his request for a *Franks* hearing or his claim of ineffective assistance of counsel. *Id.* at 6–10.

## II.  DISCUSSION

### A.  Legal Standards

#### 1.  Reviewing the R&R

The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) (the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). As the statute and rule suggest, the Court reviews findings and recommendations de novo "*if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

#### 2.  AEDPA Statute of Limitations and Equitable Exceptions

A person in custody pursuant to a state court judgment may petition for a writ of habeas corpus within one year of the latest of the following:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under AEDPA, this one-year statute of limitations is tolled during the time "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2); *see Stewart v. Cate*, 757 F.3d 929, 934 (9th Cir. 2014). And because AEDPA's limitations period is not a jurisdictional bar, it may be equitably tolled if a petitioner can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 645, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

In addition, "a credible claim of actual innocence constitutes an equitable exception to AEDPA's limitations period[.]" *Lee v. Lampert*, 653 F.3d 929, 932 (9th Cir. 2011) (en banc); *accord McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). This rare exception "serves as an additional safeguard against compelling an innocent man to suffer an unconstitutional loss of liberty, guaranteeing that the ends of justice will be served in full." *Lampert*, 653 F.3d at 934 (cleaned up). A claim of actual innocence is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Schlup v. Delo*, 513 U.S. 298, 315 (1995) (citation omitted). To be entitled to this equitable exception, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence," *id.* at 327, "not merely . . . that a reasonable doubt exists in the light of the new evidence," *id.* at 329; *see also Lampert*, 653 F.3d at 937–38 ("The evidence of innocence must be 'so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" (quoting *Schlup*, 513 U.S. at 316)). "'New' evidence under *Schlup* does not actually have to be newly discovered," but rather "'newly presented,' as in 'not

presented at trial.'" *Gable v. Williams*, 49 F.4th 1315, 1322 (9th Cir. 2022), *cert. denied sub nom. Steward v. Gable*, 143 S. Ct. 1796 (2023). This standard "requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do." *Schlup*, 513 U.S. at 329; *see also Gable*, 49 F.4th at 1323 ("Ultimately, *Schlup* demands a holistic review of all the new evidence against the full record."). And importantly, "actual innocence" in this context "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

### B. Mr. Stover's Petition Is Time-Barred

Mr. Stover does not object to the R&R's conclusion that, absent the application of statutory or equitable exceptions, his habeas petition is time-barred. *See generally* Dkt. No. 13. And although his objections rehash the same arguments he made in his petition and reply and do not raise any novel issues that were not considered by Judge Fricke, the Court independently dismisses his petition.

First, Mr. Stover filed his federal habeas petition on July 19, 2023, more than one year after the AEDPA statute of limitations began to run following the expiration of the period for him to seek direct review on any of his claims. *See* 28 U.S.C. § 2244(d)(1)(A); Dkt. No. 12 at 5–6; *see also Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (under Section 2244(d)(1)(A), a judgment becomes final when the time for seeking direct review in state court expires); Dkt. No. 8-1 at 128 (dismissing late-filed October 2021 direct appeal as untimely).[3] And Mr. Stover does not object to

---

[3] Mr. Stover does not specify, nor can the Court discern, a "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence" under 28 U.S.C. § 2244(d)(1)(D) in order to make his petition timely. *See generally* Dkt. Nos. 3, 3-1, 10, 13. Rather, Mr. Stover primarily argues that the one-year AEDPA statute of limitations does not apply based on the holdings in *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Weber v. Sinclair*, No. C08-1676-RSL, 2014 WL 1671508, at *1 (W.D. Wash. Apr. 28, 2014), *aff'd*, 679 F. App'x 639 (9th Cir. 2017). *See* Dkt. No. 3 at 18–19; Dkt. No. 3-1 at 16–19; Dkt. No. 10 at 2–4, 6–7; Dkt. No. 13 at 8, 10. However, *Martinez* and its progeny are inapposite because "*Martinez* does not address or create an exception to the AEDPA statute of limitations," but instead recognizes "a narrow means by which a prisoner can show 'cause' to excuse a state

the R&R's conclusion that his subsequent untimely pursuit of post-conviction relief in state court did not toll AEDPA's statute of limitations under Section 2244(d)(2). *See generally* Dkt. No. 13; Dkt. No. 12 at 5–6; *see also Pace*, 544 U.S. at 417 ("Because the state court rejected petitioner's [state] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.").

Second, the R&R accurately addressed Mr. Stover's arguments regarding the equitable exception of actual innocence. Dkt. No. 12 at 6–8.[4] At best, his "newly presented" evidence creates "a reasonable doubt," *Schlup*, 513 U.S. at 329, or speaks to the "legal insufficiency" of the underlying proceedings, *Bousley*, 523 U.S. at 623. Mr. Stover does not show that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327. For instance, Mr. Stover points to slight inconsistencies regarding witnesses' descriptions of vehicles and the location of shrubbery outside his home as his new evidence. *See, e.g.*, Dkt. No. 3-1 at 6–9, 12–15; Dkt. No. 13 at 2–4. Otherwise, Mr. Stover simply makes conclusory assertions in support of his claim of actual innocence. *See, e.g.*, Dkt. No. 3-1 at 5 ("I presented a significant amount of 'newly presented evidence' that should have triggered the 'gateway actual innocence claim' and allowed me to present to the court procedurally barred

---

procedural default of a claim based upon alleged ineffective assistance of counsel at trial." *McDowell v. Ryan*, No. CV-19-00918-PHX-GMS (JZB), 2020 WL 1015182, at *5 (D. Ariz. Feb. 5, 2020), *report and recommendation adopted*, 2020 WL 1000052 (D. Ariz. Mar. 2, 2020); *see also Hendon v. Burton*, No. 23-CV-02775-HSG, 2023 WL 7440289, at *2 (N.D. Cal. Nov. 9, 2023); *Gant v. Barnes*, No. CV 14-2618-CJC (SP), 2017 WL 3822063, at *8 (C.D. Cal. July 19, 2017), *report and recommendation adopted*, 2017 WL 3738384 (C.D. Cal. Aug. 28, 2017).

[4] As both Respondent and Judge Fricke point out, Mr. Stover does not adequately demonstrate that equitable tolling applies in general based on his diligence and extraordinary circumstances. *See* Dkt. No. 7 at 11–12; Dkt. No. 12 at 6–7; *see also Smith v. Davis*, 953 F.3d 582, 600 (9th Cir. 2020) (en banc) ("[I]t is only when an extraordinary circumstance prevented a petitioner acting with reasonable diligence from making a timely filing that equitable tolling may be the proper remedy.").

ORDER ADOPTING REPORT AND RECOMMENDATION - 7

evidence of both actual innocence as well as 4th, 14th and 6th Amendment ineffective assistance of counsel claims."); *id.* at 15 ("The evidence that I have produced is 'newly presented', and in itself should prove to this court, that without false and fabricated evidence, the outcome would most certainly have been different[.]"); Dkt. No. 10 at 4–5 ("[T]he evidence I presented in support of my allegations regarding my claim and request for an evidentiary-Franks hearing . . . is in fact 'newly presented' evidence, as it is very material to the allegations, and at no time had ever been presented before the trial court."); Dkt. No. 13 at 4 ("Taking into consideration all the evidence proffered, there simply is no evidence, outside of falsified evidence, that proves Mr. Stover had anything to do with alleged crimes."); *id.* at 5 ("[E]very allegation that Mr. Stover puts forward is wholly supported, and in fact IS new and reliable."). Mr. Stover's showing does not meet the high bar necessary to "pass through" the *Schlup* gateway and have his otherwise barred constitutional claims considered on the merits. *Schlup*, 513 U.S. at 316. This is particularly so in light of the officer affidavit in the record—which Mr. Stover does not dispute—attesting that the police recovered video evidence from Mr. Stover's property showing him engaging in some of the activities to which he pleaded guilty. *See* Dkt. No. 8-1 at 63.

Accordingly, the Court adopts the R&R's conclusion that Mr. Stover's petition should be dismissed with prejudice because it is time-barred.

C.   **Evidentiary Hearing**

Mr. Stover objects to Judge Fricke's recommendation that this matter be decided without an evidentiary hearing. *See* Dkt. No. 12 at 9; Dkt. No. 13 at 4–6. "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). A hearing is not required if the allegations would not entitle the petitioner to relief under 28 U.S.C. § 2254(d). *Id.* Here, because

the timeliness of Mr. Stover's petition as well as his actual innocence claim can be resolved on the record before it, the Court agrees that no evidentiary hearing is necessary. *See Stewart v. Cate*, 757 F.3d 929, 942 (9th Cir. 2014) (affirming district court's denial of evidentiary hearing where new evidence did not adequately support actual innocence claim); *see also Roberts v. Marshall*, 627 F.3d 768, 772–73 (9th Cir. 2010) (no obligation to hold evidentiary hearing when no extraordinary circumstance caused untimely filing of habeas petition).

D.      **Certificate of Appealability**

Last, Judge Fricke recommends that the Court deny a certificate of appealability because Mr. Stover has not made the required "substantial showing of the denial of a constitutional right." Dkt. No. 12 at 9–10 (quoting 28 U.S.C. § 2253(c)(2)). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Mr. Stover does not specifically object to this aspect of the R&R, and the Court adopts this recommendation as well because no reasonable jurist would conclude that the issues presented in this petition should proceed further.

### III.   CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

(1) The Court OVERRULES Mr. Stover's Objections, Dkt. No. 13, and ADOPTS the Report and Recommendation, Dkt. No. 12.

(2) Mr. Stover's petition is DISMISSED with prejudice.

(3) A certificate of appealability is DENIED.

//

//

(4) The Clerk is directed to send uncertified copies of this Order to Judge Fricke, all counsel of record, and Mr. Stover.

Dated this 3rd day of May, 2024.

                                        Lauren King
                                        United States District Judge